**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3974-24

JUSTINE BIEN AIME, as
Administratrix of the ESTATE OF
NICOLE JEAN, deceased,

     Plaintiff-Appellant,

v.

FRANCIS GILLES, OTS SOLUTIONS
LLC, NEW JERSEY TRANSIT CORP.
and DASHIA LEATHERBERRY,

     Defendants-Respondents,

and

WAQAS AHMAD and WILEME
CHERIZIER,

     Defendants.

_____

Submitted March 25, 2026 – Decided April 20, 2026

Before Judges Paganelli and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2620-24.

Richard M. Golomb (Golomb Legal, PC) and Kevin W. Fay (Golomb Legal, PC), attorneys for appellant (Richard M. Golomb and Kevin W. Fay, on the briefs).

Freeman Mathis & Gary, LLP, attorneys for respondent OTS Solutions, LLC (Paul Piantino III, of counsel and on the brief; Anna Toke, on the brief).

PER CURIAM

Plaintiff Justine Bien Aime, as Administratrix of the Estate of Nicole Jean, deceased, appeals from a July 18, 2025 trial court order granting defendant OTS Solutions, LLC's (OTS) motion to compel plaintiff's claims against OTS and defendant Francis Gilles to arbitration. The order also dismissed the complaint without prejudice, including plaintiff's claims against defendants New Jersey Transit Corp. (N.J. Transit) and Dasha Leatherberry. We reverse, reinstate the complaint as to all parties, and remand.

On November 12, 2024, plaintiff filed an amended complaint alleging Jean was a passenger in an automobile that was struck in the rear by a N.J. Transit bus operated by its employee and agent, Leatherberry. Further, the complaint alleged the automobile Jean occupied was owned by either defendant Waqas Ahmad or defendant Wileme Cherizier, and operated by Gilles, "an employee and/or agent" of OTS, at the "directive" and as "arranged" by OTS for Jean, "and other independent contractors and/or employees." Plaintiff alleged

2

the defendants' negligence was the proximate cause of Jean's "severe damage and personal injuries" and death. In the four-count complaint, plaintiff alleged: negligence; wrongful death; and survival action against all defendants; and "negligent hiring, supervision, and training" against OTS. Plaintiff renewed her request, made in filing the original complaint, for "all [d]efendants to provide answers to all applicable uniform discovery pursuant to the Rule of Court."

On December 11, 2024, N.J. Transit and Leatherberry filed an answer.[1] On December 20, 2024, in lieu of filing an answer, OTS filed a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." R. 4:6-2(e). The court denied the motion.

On March 19, 2025, OTS filed an answer to the amended complaint with separate affirmative defenses, and crossclaims. OTS's attorney certified "the matter in controversy [wa]s not the subject . . . of a pending arbitration proceeding."

In May 2025, plaintiff moved to compel OTS to provide "responses to written discovery[,] including interrogatories and requests for production of documents." Plaintiff's counsel certified he had requested discovery in the

---

[1] Plaintiff's appendix contains N.J. Transit and Leatherberry's answer stamped filed on December 11, 2024.

A-3974-24

complaints and thereafter served OTS with supplemental discovery requests. Nevertheless, OTS had failed to provide any responses and, with the discovery end date nearing, had not requested an extension of time to do so.

On June 5, 2025, OTS filed a motion to stay the lawsuit against OTS and Gilles and to compel arbitration. The notice of motion advised that OTS would rely upon the certification of their attorney "and the relevant [e]xhibits identified therein and annexed hereto." OTS's attorney certified he was "fully familiar with the facts of this case." In addition, he certified that he attached "true and accurate cop[ies] of . . . [Jean's and] Gilles['s]-OTS arbitration agreement[s] and class action waiver[s]" to his certification. (Capitalization modified). Both agreements exhibited a checkmark and the notation "electronic signature[s] accepted," with Jean's and Gilles's names at the bottom of the last page. (Capitalization modified).

In opposition, plaintiff's attorney certified he was "fully familiar with the facts recited . . . and if called to testify to such facts, [he] could do so competently." The certification was limited to the procedural and the discovery history between the parties.

In a decision placed on the record, the court found the arbitration agreement was "clear and unambiguous." It found the agreement was "in bold

A-3974-24

letters, along with the signature page, . . . [Jean] understood it, . . . and [she] agreed to the terms." Further, the court stated, "the typical cases in which . . . limited discovery is ordered [wa]s where the employer presents their case with evidence as was presented here." In response, an employee provides an affidavit stating: "I never signed it, I didn't understand [the] terms" or some other circumstance that would require "further explor[ation]." The court in this matter found plaintiff offered "no [Rule] 1:6-2 competent evidence that disputes" the employer's evidence and offered "no competent legal evidence . . . of unconscionability."

The court then conducted its analysis regarding whether OTS waived its right to have plaintiff's claim submitted to arbitration. Applying the Cole[2] factors, the court did "not find the defense of waiver [wa]s applicable" and granted OTS's motion to compel arbitration.

Gilles's counsel inquired as to N.J. Transit and Leatherberry, and whether the "case will now be bifurcated, and . . . Gilles [and] OTS will proceed via arbitration, and . . . Leatherberry and N.J. Transit will be tried in" the courthouse. The court stated the issue had not been "presented." Plaintiff's counsel asserted both N.J. Transit and Leatherberry had filed answers.

---

[2] Cole v. Jersey City Med. Ctr., 215 N.J. 265 (2013).

A-3974-24

Nevertheless, the court stated it only had an answer from OTS. Therefore, with Gilles and OTS being transferred to arbitration, "[t]here[ were] no other parties left in the case" and the court stated the matter would be dismissed. The court stated the issues would "get resolved either by the Appellate Division or a reconsideration motion."

Plaintiff filed the appeal. Plaintiff states arbitration agreements can be "invalidated and declared unenforceable [for] . . . 'unconscionability.'" Plaintiff contends unconscionability incorporates procedural unconscionability—"the contract formation process"—and substantive unconscionability—"harsh or unfair one-sided terms." Plaintiff asserts this "case . . . presented unequal bargaining power"; "[i]t is likely that the contract was offered on a take-it-or-leave-it basis, with no opportunity for [Jean] to negotiate terms"; and "the contract is written in English and [Jean] was a Spanish speaker who did not understand English."

Plaintiff argues the court erred "by failing to recognize that more discovery was needed in order to uncover the circumstances under which the contract was entered into between OTS and" Jean. Plaintiff states "[t]he contract produced by OTS contains an electronic signature that does not reveal the circumstances of how it was presented or signed."

In addition, plaintiff argues the court erred in its analysis of the <u>Cole</u> factors. Further, plaintiff contends the court erred by dismissing N.J. Transit and Leatherberry because they had filed answers as of the date of the parties' argument and were not parties to the arbitration agreement.

"We review de novo a trial court's order compelling or denying arbitration." <u>Wollen v. Gulf Stream Restoration and Cleaning, LLC</u>, 468 N.J. Super. 483, 494 (App. Div. 2021) (citing <u>Skuse v. Pfizer, Inc.</u>, 244 N.J. 30, 46 (2020)). "When reviewing a motion to compel arbitration, courts apply a two-pronged inquiry: (1) whether there is a valid and enforceable agreement to arbitrate disputes; and (2) whether the dispute falls within the scope of the agreement." <u>Id.</u> at 497 (citing <u>Martindale v. Sandvik, Inc.</u>, 173 N.J. 76, 83 (2002)). We are concerned with the first inquiry. The arbitration agreement provides that it "is governed by the Federal Arbitration Act" (FAA). Under the FAA:

> [A] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, <u>save upon such grounds as exist at law or in equity for the revocation of any contract</u>.

[9 U.S.C. § 2 (emphasis added).]

"Generally recognized contract defenses, such as duress, fraud, and unconscionability, can justify judicial refusal to enforce an arbitration agreement." Delta Funding Corp. v. Harris, 189 N.J. 28, 39 (2006). "The defense of unconscionability, specifically, calls for a fact-sensitive analysis in each case, even when a contract of adhesion is involved." Ibid.

To support its motion to compel arbitration, OTS proffered its attorney's certification and attached the arbitration agreements between Jean and OTS and Gilles and OTS. Rule 1:6-2(a) provides that "[a]n application to the court for an order shall be by motion." Further, "[i]f the motion or response thereto relies on facts not of record or not subject of judicial notice, it shall be supported by affidavit made in compliance with R[ule] 1:6-6." Ibid. Pursuant to Rule 1:6-6:

> If a motion is based on facts not appearing of record or not judicially noticeable, the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein. The court may direct the affiant to submit to cross-examination, or hear the matter wholly or partly on oral testimony or depositions.

"[A]ffidavits in support of motions must be limited to the affiant's personal knowledge of such facts as he [or she] is competent to testify to and as

8

are evidentially competent."  Pressler & Verneiro, Current N.J. Court Rules, cmt. on R. 1:6-6 (2026).  See also Claypotch v. Heller, Inc., 360 N.J. Super. 472, 489 (App. Div. 2003) (noting the "certification did not comply with Rule 1:6-6 because it did not indicate [the affiant] had any personal knowledge of the facts he asserted").  "These are not merely formal requirements.  They go to the heart of procedural due process."  Celino v. Gen. Accident Ins., 211 N.J. Super. 538, 544 (App. Div. 1986).

"Affidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay."  Pressler & Verniero, cmt. on R. 1:6-6.

OTS's attorney certification offered no details regarding how he acquired his knowledge, nor any information regarding how the agreements were entered into or executed.  OTS offered no other facts regarding the execution of the arbitration agreements.  Under these circumstances, we conclude OTS failed to comply with the Rules and its motion should have been denied on that basis. The attorney's certification, in the absence of personal knowledge or information, could not support the court's factual findings that Jean "understood" or "agreed to the terms" of the arbitration agreement.

Plaintiff's opposition to OTS's motion suffers the same procedural problem. In opposition to OTS's motion, plaintiff did not submit an affidavit or certification that addressed the assertion of unconscionability. Indeed, plaintiff's assertions regarding Jean's understanding of English, how the contract was "likely" offered, and the unequal bargaining power between the parties were simply arguments made of whole cloth.

For the foregoing reasons, we are constrained to reinstate plaintiff's complaint and remand for further proceedings. If OTS seeks to pursue arbitration, it shall comply with the Rules and submit competent evidence regarding the circumstances surrounding the execution of the agreement between OTS and Jean. The court may then conduct an analysis to determine the validity of the agreement. Thereafter, plaintiff may assert defenses and offer evidence that may cast doubt regarding the enforceability of the agreement. The court can determine if discovery is necessary. "Pre-arbitration discovery has . . . been allowed to determine whether an arbitration clause is unconscionable." Guidotti v. Legal Helpers Debt Resol., LLC, 716 F.3d 764, 774-75 n.5 (3d Cir. 2013). Only after the court determines the agreement is enforceable should it reach the issue of waiver under Cole. Because the court conducted the Cole analysis prematurely, we decline to consider the issue here.

A-3974-24

We add that the court misstepped in dismissing the complaint after deciding the matter was subject to arbitration. On remand, if the court compels arbitration, the matter should be stayed, not dismissed. See 9 U.S.C. § 3.[3]

Plaintiff's claims against N.J. Transit and Leatherberry are also reinstated. Our review of the record reveals these defendants had filed an answer by the time the motion to compel arbitration was considered and should not have been dismissed. Nothing in the record on appeal indicates these defendants were bound by the arbitration agreements. "Parties are not required 'to arbitrate when they have not agreed to do so.'" Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014) (quoting Volt Info. Scis. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 478 (1989)). We leave it to the remand judge to

---

[3] If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

[(Emphasis added).]

11

A-3974-24

determine whether plaintiff's claims against N.J. Transit and Leatherberry should proceed before an arbitrator or the trial court.

To the extent we have not addressed any other arguments raised, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3974-24